UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                For Online Publication Only
----------------------------------------------------------------X
JAMES E. CURRIE,

                Petitioner,

      -against-                                        **ORDER**
                                                        17-CV-1227 (JMA)
HAROLD D. GRAHAM,

                Respondent.
----------------------------------------------------------------X

**AZRACK, United States District Judge:**

      On February 24, 2017, pro se petitioner James E. Currie ("Currie") filed a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus, arguing that: (1) his Fourth Amendment rights were violated; (2) he was illegally interrogated by members of the Police Department; (3) the hearing court erred in its ruling regarding his statements; (4) he was deprived of a fair trial due to the admission of hearsay; (5) he was deprived of a fair trial due to improper comments made by the prosecutor during summation; (6) the police lacked probable cause for his arrest; and (7) his conviction was based on insufficient evidence. (See Pet. at 3, ECF No. 1.)[1] Thereafter, in a letter dated June 26, 2017 and filed on July 6, 2017, Currie filed a letter seeking a "stay and abeyance" so that he could exhaust his state court remedies for certain claims. (See Pet.'s Mot. to Stay at 1-2, ECF No. 10.) Specifically, Currie's July 6, 2017 filing states that he is appealing the denial of his § 440.10 motion, in which he argued that (1) the prosecutor committed prosecutorial misconduct by using false evidence; and (2) he received ineffective assistance of counsel when his attorney failed to investigate his case. (Pet.'s Mot. to Stay at 1-2; see also 440.10 Mot., Jan. 29, 2017, at 12-28, ECF No. 13.) Further, Currie requested the stay to allow him to file a writ of error

---

[1] The Court uses the pagination assigned by the electronic filing system for references to ECF Nos. 1, 10, 11, and 13.

coram nobis in order to address issues raised by the Appellate Division's denial of petitioner's 440.10 motion. (Pet.'s Mot. to Stay at 1-2.)

The Court construes petitioner's July 6, 2017 filing as a motion to amend his petition and a motion to stay the petition so that he can exhaust his administrative remedies in state court. The Court construes petitioner's July 6, 2017 filing as a motion to amend, raising the various claims set forth in that filing. Respondent is directed to respond to petitioner's July 6, 2017 filing by April 16, 2018. Petitioner may file a reply by May 21, 2018. Petitioner's reply can address: (1) respondent's August 3, 2017 filings opposing the current petition; and (2) any additional filing by respondent concerning petitioner's July 6, 2017 filing. The Court stays resolution of the petition until receipt of the materials requested above. Upon receiving those materials, the Court will determine whether the broader stay and abeyance requested by petitioner is warranted.

The Court notes that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for seeking habeas relief. See 28 U.S.C. 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim shall not be counted." 28 U.S.C. § 2244(d)(2). "The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation." Lizaide v. Kirkpatrick, No. 09-CV-5038, 2009 WL 41100296, at *2 (Nov. 24, 2009). The instant habeas petition is dated February 16, 2017 and was filed on February 24, 2017, with approximately ninety days remaining in the applicable limitations period. Respondent's response to petitioner's July 6, 2017 filing shall

include, among other things, updated information concerning petitioner's 440.10 motion and any writ of coram nobis filed by petitioner.

The Clerk of Court is directed to mail a copy of this order to the petitioner.

**SO ORDERED.**

Dated: March 31, 2018
Central Islip, New York

                                        /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE