FILED
CLERK

4/25/2019 4:38 pm
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES E. CURRIE,

                Petitioner,

       -against-                                  **MEMORANDUM AND ORDER**
                                                           17-CV-01227 (JMA)

HAROLD D. GRAHAM,

                Respondent.
------------------------------------------------------------X

**AZRACK, United States District Judge:**

      On February 24, 2017, pro se petitioner James E. Currie ("Currie") filed a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus, arguing that: (1) his Fourth Amendment rights were violated; (2) he was illegally interrogated by members of the Police Department; (3) the hearing court erred in its ruling regarding his statements; (4) he was deprived of a fair trial due to the admission of hearsay; (5) he was deprived of a fair trial due to improper comments made by the prosecutor during summation; (6) the police lacked probable cause for his arrest; and (7) his conviction was based on insufficient evidence. (See Pet. at 3, ECF No. 1.)[1] By letter dated June 26, 2017 and filed on July 6, 2017, Currie sought a "stay and abeyance" to exhaust his state court remedies for certain claims. (See Pet.'s Mot. to Stay at 1-2, ECF No. 10.)[2] In particular, Currie requested a "stay and abeyance until I am able to exhaust all remedies with concerns to my 440.10 [m]otion to [v]acate [j]udgment and the [w]rit of [e]rror [c]oram [n]obis that I will be filing as soon as I have it done." (See Pet.'s Mot. to Stay at 1-2.)

---

[1] The Court uses the pagination assigned by the electronic filing system for ECF No. 1.

[2] The Court uses the pagination assigned by the electronic case filing system for ECF No. 10.

By order dated March 31, 2018, the Court construed Currie's July 6, 2017 submission as a motion to amend the instant habeas petition and a motion to stay the petition. (See Court Order, ECF No. 23.) In said order, the Court instructed the Government to respond to Currie's July 6, 2017 filing and allowed Currie to file an additional response before determining whether a stay and abeyance was warranted. (Court Order at 2.) In addition, the Court requested that any response from the Government include updated information regarding the status of Currie's § 440.10 motion and any writ of error coram nobis. (Court Order at 2–3.)

On April 13, 2018, the Government filed a response, providing the Court with the requested information regarding Currie's § 440.10 motion and writ of error coram nobis. (See Resp.'s Br., ECF No. 24.) Specifically, since the July 6, 2017 request for a "stay and abeyance," Currie sought leave to appeal from the Nassau County Supreme Court's denial of his § 440.10 motion, which was the denied by the Appellate Division on December 28, 2017. (See Order Denying Leave to Appeal 440.10 Mot., Dec. 28, 2017, ECF No. 24-2.) Thereafter, Currie appealed the Appellate Division's denial to the New York State Court of Appeals, which was dismissed on March 14, 2018. (See Order Dismissing Leave, Mar. 14, 2018, ECF No. 24-9.) In addition, on September 22, 2017, during the pendency of Currie's § 440.10 proceedings, he filed his writ of error coram nobis. (See Writ of Error Coram Nobis, Sept. 22, 2017, ECF No. 24-8.) On February 21, 2018, the Appellate Division denied the writ of error coram nobis. See People v. Currie, 158 A.D.3d 775 (2d Dept. 2018). On March 6, 2018, Currie filed a motion seeking clarification of this denial, which the Government notes remained pending at the time of their submission. (See Mot. to Clarify, Mar. 6, 2018, ECF No. 24-4.) Without receiving a decision on this motion seeking clarification, Currie sought leave to appeal the denial to the New York State Court of Appeals, which was still pending at the time of the Government's submission. (See Pet.'s Leave to Appeal

Coram Nobis, Mar. 15, 2018, ECF No. 24-11.) Further, the Government took no position on Currie's motion to amend the habeas petition, but requests that this Court limit the claims allowed in the habeas petition and contends that Currie should not be permitted to file an amended petition until the state court proceedings are complete, specifically until the New York State Court of Appeals rules on Currie's coram nobis. (Resp.'s Br. at 14–16.)

By letter dated August 16, 2018 and filed on August 24, 2018, Currie informed the Court that the New York State Court of Appeals denied his request for leave to appeal the denial of his writ of error coram nobis and requested a ruling on his July 6, 2017 submission. (See Pet.'s Letter, Aug. 24, 2018, ECF No. 26.)

Accordingly, based on the information available to the Court, Currie returned to state court as he intended and appealed the denial of his § 440.10 motion and completed the state court review process regarding his writ of error coram nobis. Therefore, at this time, the Court need not grant a stay for Currie to return to state court, but grants Currie's motion to amend his habeas petition. Within thirty (30) days of this Order, Currie is directed to file and serve an amended petition that includes both the claims raised in his original habeas petition and the new claims he raised in his § 440.10 motion and his coram nobis application. Respondent is directed to respond within sixty (60) days after Currie files his amended petition and to include any state court filings not included with their earlier submissions.

The Clerk of Court shall mail a copy of this Order to petitioner.

**SO ORDERED.**

Dated: April 25, 2019
Central Islip, New York

                                                   /s/ (JMA)
                                       JOAN M. AZRACK
                                       UNITED STATES DISTRICT JUDGE